An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-648

Filed 5 August 2026

Mecklenburg County, No. 21CVD020018-590

MARK C. BAKER, Plaintiff,

v.

RAVEN S. WATSON, Defendant.

Appeal by Plaintiff from order entered 4 November 2024 by Judge J. Rex Marvel in Mecklenburg County District Court. Heard in the Court of Appeals 12 February 2026.

> *The Freedmen Law Group, by Erin Rozzelle, for Plaintiff-Appellant.*
>
> *No brief filed for Defendant-Appellee.*

GRIFFIN, Judge.

Plaintiff Mark Baker appeals from the trial court's order for permanent child support and attorney fees. Mr. Baker argues the trial court erred in denying his motion for continuance at the permanent child support trial due to Defendant Raven Watson's failure to submit the required supporting documents under the local rules; the trial court erred in its recalculations of temporary child support for 2022 and

2023; the trial court erred in relying on Ms. Watson's post-trial exhibits submitted in closing argument and used to determine Mr. Baker's income for 2022-2024; and the trial court erred in awarding Ms. Watson $20,847.50 in attorney fees for the permanent child support claim. We hold issues three and four are abandoned and affirm the trial court on issues one and two.

## I.    Factual and Procedural Background

On 18 November 2015, Mr. Baker and Ms. Watson had a child together. They were unmarried, and on 20 December 2021, Mr. Baker commenced this action by filing a complaint for temporary and permanent child custody, motion for temporary parenting arrangement, and attorney fees. On 7 April 2022, Ms. Watson filed an amended answer and counterclaims for child custody, temporary and permanent child support, and attorney fees. On 7 March 2022, the trial court held a Temporary Parenting Arrangement Hearing, and on 27 September 2022, the trial court entered an order granting temporary primary physical custody of the child. The trial court scheduled a hearing for 8 August 2022 on Ms. Watson's temporary child support and attorney fees.

On 4 August 2022, Ms. Watson filed a motion for continuance due to Mr. Baker's refusal "to complete the Business Income Worksheet or produce the appropriate financial documents." Mr. Baker objected to the alleged misrepresentation of the facts of the continuance but "ha[d] no issue with the Court continuing the hearing." On 4 November 2022, the trial court rescheduled the

continued 8 August 2022 hearing for 12 December 2022. On 1 December 2022, Mr. Baker filed an affidavit indicating a monthly gross income of $4,541.59, and on 2 December 2022, Ms. Watson filed an affidavit indicating a monthly gross income of $2,220.78. The trial court held its hearing on 12 December 2022 and issued its order for temporary child support and attorney fees on 10 March 2023.

In its order, the trial court found both total incomes indicated in the parties' respective affidavits and, based on its calculations pursuant to Worksheet A of the North Carolina Worksheet Guidelines, ordered the amount of prospective child support to be paid by Mr. Baker to be $673.84 per month. Additionally, the trial court found Mr. Baker owed $6,738.40 in child support arrears to be paid $150.00 per month until paid in full and ordered Mr. Baker to pay $4,000.00 of Ms. Watson's $13,686.61 in attorney fees incurred in connection with her claim for temporary child support.

On 16 February 2024, the trial court heard and entered an order for the permanent child custody matter, but the scheduled 16 February 2024 hearing for Ms. Watson's claim for permanent child support was continued to 25 September 2024 due to Mr. Baker's refusal to file an appropriate financial affidavit and to provide the required supporting financial documents to Ms. Watson's counsel pursuant to rule 8.1 of the 26th Judicial District Family Court Division Local Rules. On 23 September 2024, Ms. Watson filed and served her affidavit, and, on 25 September 2024, Mr. Baker sent Ms. Watson's counsel his filed amended affidavit. Also, on 25 September

2024, the trial court held the trial for permanent child support.

At the trial, Mr. Baker's counsel argued Ms. Watson had not provided the proper documentation under the local rules, arguing Ms. Watson indicated she is an independent contractor and therefore self-employed, meaning Ms. Watson would have to provide Mr. Baker with bank statements, a full tax return, and pay stubs because she works for two companies, not just the self-employment ledgers provided.[1] Ms. Watson argued she was not self-employed, therefore the financial documents required under the section of Rule 8.1 Mr. Baker was invoking were not required. The trial court denied Mr. Baker's motion to continue.

Based on Mr. Baker's acknowledgment he intentionally misled the trial court about his income for the temporary child support, Ms. Watson requested the trial court recalculate the child support for 2022, 2023, and 2024. Ms. Watson provided worksheets in her written closing to the trial court for the recalculation, to which the trial court agreed. On 9 October 2024, the trial court emailed the parties, stating it "agree[d] with counsel for [Ms. Watson] in regards to her proposal and worksheets."

On 4 November 2024, the trial court filed its order for permanent child support and attorney fees. In the order, the trial court found Ms. Watson was employed with InReach and Compass Group in 2022 and 2023 and InReach and EasterSeals in 2024.

---

[1] Both parties relied entirely on the Local Rules at the hearing. There is no indication in our Record that either party conducted any discovery under Rules 33 or 34 of the North Carolina Rules of Civil Procedure. Both parties did subpoena some financial information from third parties for the child support hearing.

Further, the trial court found Mr. Baker had "intentionally and proactively" concealed certain income between 2022 and 2023 "to suppress his income and avoid paying appropriate child support." The trial court recalculated child support payments for the respective years and determined Mr. Baker owed $28,265.85 in arrears. The trial court also ordered Mr. Baker to, *inter alia*, pay Ms. Watson $1,027.99 in prospective child support and $24,847.50 in attorney fees. Mr. Baker gave timely notice of appeal.

## II.    Analysis

Mr. Baker presents four issues on appeal. The first issue is whether "the trial court err[ed] in denying [Mr. Baker]'s Motion for Continuance of the permanent child support hearing due to [Ms. Watson]'s failure to submit the required supporting documents pursuant to Rule 8.1 of the 26th Judicial District Family Court Division Local Rules of Domestic Court." The second issue is whether "the trial court err[ed] in its re-calculation amounts of temporary child support for 2022 and 2023." The third issue is whether "the trial court err[ed] in allowing and relying on [Ms. Watson]'s post-trial exhibits submitted through her written closing argument to the [trial c]ourt to be used to determine [Mr. Baker]'s income for 2022, 2023, and 2024." The fourth issue is whether "the trial court err[ed] in awarding [Ms. Watson] $20,847.50 in attorney's fees for the permanent child support claim."

Before we begin any analysis, we note "that the Rules of Appellate Procedure are mandatory and not directory, as a failure of the parties to comply with the rules,

and failure of the appellate courts to demand compliance therewith, may impede the administration of justice." *K2HN Constr. NC, LLC v. Five D Contractors, Inc.*, 267 N.C. App. 207, 211, 832 S.E.2d 559, 563 (2019) (citation modified). Relevant here, Rule of Appellate Procedure 28(b)(6) says "an appellant's brief shall contain . . . . [a]n argument, to contain the contentions of the appellant with respect to each issue presented. Issues not presented in a party's brief, or in support of which no reason or argument is stated, will be taken as abandoned." N.C. R. App. P. 28(b)(6). "An appellant avoids abandonment when it complies with the rule's mandate that '[t]he body of the argument . . . shall contain citations of the authorities upon which the appellant relies.'" *K2HN Constr. NC, LLC*, 267 N.C. App. at 213, 832 S.E.2d at 564 (quoting N.C. R. App. P. 28(b)(6)). "This Court has routinely held an argument to be abandoned where an appellant presents argument without such authority and in contravention of the rule." *Id.* (first citing *Fairfield v. WakeMed*, 261 N.C. App. 569, 575, 821 S.E.2d 277, 281 (2018); and then citing *GRE Props. Thomasville LLC v. Libertywood Nursing Ctr., Inc.*, 235 N.C. App. 266, 276, 761 S.E.2d 676, 682 (2014)).

Here, neither the second, third, nor fourth issues contain any citation to any legal authority in the body of the argument. Each argument does, however, contain relevant standards of review, but this Court has held including a standard of review without any further analysis of the legal authority with the facts of the case is not enough to save an argument from abandonment. *GRE Props. Thomasville LLC*, 235 N.C. App. at 276, 761 S.E.2d at 682 ("Yet, [the] defendant cites only *State v. Kirby* . . .

for the proposition that issues of relevance are reviewed de novo and fails to cite any further legal authority in support of its argument. As a result, we find [the] defendant has abandoned this argument." (citation and emphasis omitted)); *K2HN Constr. NC, LLC*, 267 N.C. App. at 214 n.6, 832 S.E.2d at 565 n.6 (noting "[t]he body of the argument does not contain any citations to authority[,] but . . . . [the p]laintiff's standard of review section does contain citations to authority pertinent to this argument, though those cases merely state a general rule and are not analogized or otherwise analyzed in support of [the p]laintiff's position."); *see* N.C. R. App. P. 28(b)(6) ("*The body of the argument* and the statement of applicable standard(s) of review shall contain citations of the authorities upon which the appellant relies." (emphasis added)).

Even if we can "discern some potential lines of argument that *could* have been made . . . , those arguments have not been set forth by Plaintiff, 'and it is not the role of this Court to create an appeal for an appellant or to supplement an appellant's brief with legal authority or arguments not contained therein." *K2HN Constr. NC, LLC*, 267 N.C. App. at 215, 832 S.E.2d at 565 (emphasis in original) (quoting *Thompson v. Bass*, 261 N.C. App. 285, 292, 819 S.E.2d 621, 627 (2018)).

Because issues three and four[2] are arguments on the law without legal

---

[2] Mr. Baker's argument for issue four is not that the amount in question lacks competent evidence but that this is a statutory question pertaining to N.C. Gen. Stat. § 50-13.6 as to what reasonable attorney fees a trial court can award within its discretion. Then, only if the Court were to

citations in the body of the argument we deem them abandoned. However, presuming

the evidentiary challenges in the second issue are enough to satisfy Rule 28(b)(6), we

review issue two's challenges to the factual findings of the trial court as well as the

first issue.

## A. Denial of Mr. Baker's Motion to Continue

The first issue is whether "the trial court err[ed] in denying [Mr. Baker]'s

Motion for Continuance of the permanent child support hearing due to [Ms. Watson]'s

failure to submit the required supporting documents pursuant to Rule 8.1 of the 26th

Judicial District Family Court Division Local Rules of Domestic Court." Contrary to

the latter three arguments, Mr. Baker's first argument does contain a citation to a

single legal authority in the body of the argument beyond the standard of review to

Rule 8.1 of the 26th Judicial District Family Court Division Local Rules. Mr. Baker

argues "[t]he trial court's denial of [his] Motion to Continue was arbitrary[,] and [he]

suffered prejudice as a result[.]" Specifically, Mr. Baker argues he was subjected to

Rule 8.1 while Ms. Watson was not. This claim is based on the assertion Ms. Watson

"provided self-employment ledgers indicating self-employment but had not provided

bank statements as required for self-employed litigants," "failed to provide all pages

of her tax return including page one that shows gross income," and "failed to provide

her pay stubs for a second job indicating she had not worked for them in the past

answer as Mr. Baker argues, would we sort out the factual issues relating to fee amounts and how they are divided by matter.

three months which was untrue because counsel for [Mr. Baker] had subpoenaed that company and had obtained pay stubs." Accordingly, Mr. Baker contends he is entitled to a new trial. Even if we assume Rule 8.1 is sufficient authority to survive abandonment, we disagree. As Mr. Baker's first issue touches on both the trial court's treatment of the local rules as well as a motion to continue, we address both here.

Regarding local rules, we have held "[a] trial court does have the discretion to modify or avoid the application of a jurisdiction's local rules." *ABC Servs., LLC v. Wheatly Boys, LLC*, 259 N.C. App. 425, 427, 817 S.E.2d 397, 399 (2018) (citation omitted). "In exercising this discretion, the trial court must be careful to give proper regard to the purpose of the applicable local rules." *Id.* "We therefore review a judge's discretionary decision to act outside the prescription of local rules for an abuse of discretion." *Id.* at 427–28, 817 S.E.2d at 399; *Leary v. Leary*, 152 N.C. App. 438, 441, 567 S.E.2d 834, 837 (2002) ("Child support orders entered by a trial court are accorded *substantial deference* by appellate courts and our review is limited to a determination of whether there was a clear abuse of discretion." (emphasis added) (citing *White v. White,* 312 N.C. 770, 777, 324 S.E.2d 829, 833 (1985))). Furthermore, "to obtain relief on appeal, an appellant must not only show error, but that appellant must also show that the error was material and prejudicial." *Crutchfield v. Crutchfield*, 132 N.C. App. 193, 196, 511 S.E.2d 31, 34 (1999) (citation modified).

Regarding continuances, our Supreme Court has stated "[c]ontinuances are not favored and the party seeking a continuance has the burden of showing sufficient

grounds for it." *Shankle v. Shankle*, 289 N.C. 473, 482, 223 S.E.2d 380, 386 (1976). "[T]he trial judge must consider, in addition to the grounds for the motion, whether the moving party has acted with diligence and in good faith, and may consider facts of record as well as facts within his judicial knowledge." *May v. City of Durham*, 136 N.C. App. 578, 581, 525 S.E.2d 223, 227 (2000). "The trial court's decision whether to grant or deny a motion to continue may be reversed only for a manifest abuse of discretion." *Id.* at 581–82, 525 S.E.2d at 227 (quoting *Caswell Realty Assocs. I, L.P. v. Andrews Co., Inc.,* 128 N.C. App. 716, 496 S.E.2d 607 (1998)).

The purpose of the local rules of the 26th Judicial District is to "provide for the orderly, prompt, and just disposition of civil matters." Loc. R. of Civ. Div., Jud. Dist. 26, Dist. Ct. Div., R. 1.1. Local Rule 8.1 requires parties to file Local Form CCF-31 "[i]n all non IV-D cases involving claims for temporary child support, permanent child support, or a modification of a child support order." Loc. R. of Domestic Ct., Jud. Dist. 26, Fam. Ct. Div., R. 8.1. Local Form CCF-31 requires the following, in relevant part:

> **1)  For establishment and modification of child support for persons who are hourly or salaried employees (including those who may receive bonuses and commissions in addition to their salaried income):**
>
> (a)  My pay-stubs for the three (3) months preceding the court date; and
>
> (b)  My pay-stubs showing all of my bonuses and commissions year-to-date; and
>
> (c)  Federal income tax returns filed by me or for

> me for the two (2) tax years preceding the court date, including all schedules and attachments, together with all year-end tax documentation  (W-2 forms, 1098 forms, extension requests, etc.) for the most recent tax year if any tax return has yet to be filed; and
>
> (d)      Receipts for my work-related child-care costs for the three (3) months preceding the court date; and
>
> (e)      Documentation of the cost and the actual payment of the portion of my medical and dental insurance that covers the child(ren) who are the subject of this case.

Additionally, at the bottom of Local Form CCF-31, it states, "I UNDERSTAND THAT MY FAILURE TO PRODUCE ALL OF THE ABOVE DOCUMENTS TO MY OPPONENT WITHOUT JUST CAUSE *MAY* SUBJECT ME TO SANCTIONS (INCLUDING ATTORNEY'S FEES AND COSTS) *IN THE DISCRETION OF THE PRESIDING JUDGE.*"  (Emphases added).  Thus, not only is the trial court afforded discretion regarding the application of the local rules but the trial court is expressly afforded discretion in how to address the "failure to produce" documentation required by Local Form CCF-31.

Here, Mr. Baker references supporting documentation which he argues Ms. Watson needed to produce based on her alleged self-employment status but does not challenge any findings of fact in the first issue.  Therefore, we cannot review the findings of fact as to employment made by the trial court, and as such, we are bound by the trial court's findings of facts, including Findings of Fact 45 and 60, in which the trial court found Ms. Watson was "employed with InReach and Compass Group"

in 2022 and 2023, as well as Finding of Fact 81, in which the trial court found "[Ms. Watson] is currently employed with InReach and EasterSeals." *See In re J.C.J.*, 381 N.C. 783, 787, 874 S.E.2d 888, 892 (2022) ("Findings of fact not challenged by [the] respondent are deemed supported by competent evidence and are binding on appeal." (quoting *In re T.N.H.*, 372 N.C. 403, 407, 831 S.E.2d 54, 58 (2019))). Further, the trial court previously found Ms. Watson employed "with InReach and Compass Group" in Finding of Fact 11 of the 10 March 2023 order. Thus, with these unchallenged findings of fact, the trial court found Ms. Watson to be employed by several companies, not indicating self-employment, leading us to proceed to the first section of the CCF-31 documentation list referenced above. Even still, Mr. Baker argues that regardless of employment status, Ms. Watson needed to provide her entire tax return for the past two years.

It is uncontested that both parties filled out Local Form CCF-31 as required by Local Rule 8.1. In Ms. Watson's 23 September 2024 financial affidavit, Ms. Watson provided income and expense ledgers for June to August 2024 as well as, albeit partially, her 2023 tax returns.[3] Additionally, Ms. Watson attached her child-care related expenses from June to August 2024. The trial court found Mr. Baker has been responsible for their child's health insurance, which is unchallenged. Mr. Baker does not challenge the trial court's 2022 average monthly income finding for Ms. Watson

---

[3] It appears the supplemental record's table of contents flips the parties in this case with "Defendant" being used for Mr. Baker and "Plaintiff" being used for Ms. Watson.

in Finding of Fact 45,[4] and as discussed below, Finding of Fact 60's income finding for Ms. Watson's 2023 average monthly income is supported by competent evidence; thus, the trial court had Ms. Watson's average monthly income for 2022–2023.

Mr. Baker's 25 September 2024 financial affidavit included a document with his 2024 income and expenses; bank statement showing his health insurance; home warranty expenses; Square/Cash App 2024 sales and payments; July 2024 Square balance with 2023 Square spending; a 2023 1099 Form with his name listed as "Payee"; his 2024 Square balance and expenses as of 16 September 2024; transaction trends from January to September 2024; and business checking account statements from January to August 2024. However, Mr. Baker concedes he did not provide tax returns for 2023 and 2024 because he had not filed tax returns for those years.

Further, in the first earlier motion to continue with which Mr. Baker takes issue, his objection was solely to what he argued were "[Ms. Watson's] misrepresentations to the [trial c]ourt" but otherwise had "no issue with the [trial c]ourt continuing the hearing." Moreover, as the trial court found in unchallenged Finding of Fact 17 of the 4 November 2024 order, the second continuance was granted because Mr. Baker "fail[ed] to file a complete Financial Affidavit and provide supporting documents."

---

[4] We note there is no 2022 tax information included in the record or supplemental record; however, Mr. Baker does not contest the 2022 documentation was insufficient per the local rule in the first issue except for a sole, brief reference to "complete tax returns for 2022 and 2023."

Thus, the trial court's denial of Mr. Baker's motion to continue did not constitute a clear or manifest abuse of discretion in its application of the local rules where: we grant the trial court substantial deference with trial court orders; both parties filled out Local Form CCF-31; Local Form CCF-31 expressly grants discretion to the presiding judge on how to address missing documentation; Ms. Watson provided partial tax returns and Mr. Baker provided none; Mr. Baker admitted to misleading the trial court in earlier proceedings; Mr. Baker did not object to the continuance of the first hearing and does not challenge the trial court's finding he violated the rules, leading to the second continuance. Therefore, the trial court did not err in denying Mr. Baker's motion for continuance of the permanent child support hearing.

## B. Recalculations for 2022 and 2023

Second, Mr. Baker argues "[t]here is no competent evidence that supports the findings of facts to support the re-calculation of child support amounts for 2022 and 2023." We disagree. Again, assuming this argument suffices our rules, the trial court, as the finder of fact, had competent evidence to support its recalculations.

"When the trial court sits without a jury, the standard of review on appeal is whether there was competent evidence to support the trial court's findings of fact and whether its conclusions of law were proper in light of such facts." *Romulus v. Romulus*, 215 N.C. App. 495, 498, 715 S.E.2d 308, 311 (2011) (citation modified). "Where the trial judge sits as a jury and where different reasonable inferences can be

drawn from the evidence, the determination of which reasonable inferences shall be drawn is for the trial judge." *Sharp v. Sharp*, 116 N.C. App. 513, 530, 449 S.E.2d 39, 48 (1994) (citation modified). "The trial judge has the authority to believe all, any, or none of the testimony." *Id.*

Mr. Baker concedes Ms. Watson's request that the court recalculate child support for 2022 and 2023 was "a reasonable request given the circumstance of [his] prior untruthfulness[.]" Mr. Baker also maintains Ms. Watson's request was a "blindside request." Mr. Baker asserts because he was blindsided by this request his counsel only presented financial affidavits for 2024. Thus, according to Mr. Baker, there was no competent evidence supporting the recalculation of child support for 2022 and 2023. Mr. Baker does admit, however, the trial court had his bank, Zelle, and Cash App statements for 2022 and 2023. The trial court used these statements to properly determine Mr. Baker's true income for 2022 and 2023 despite his multiple attempts to conceal his true financial situation. This determination was used to recalculate child support for the respective years. It is not this Court's place to find its own facts. *See In re Entzminger*, 266 N.C. App. 480, 493, 831 S.E.2d 642, 650 (2019) ("This Court does not find facts or 'substitute itself for the trial judge.'" (quoting *Gen. Specialties Co. v. Nello L. Teer Co.*, 41 N.C. App. 273, 275, 254 S.E.2d 658, 660 (1979))). Based on the bank, Zelle, and Cash App statements, the trial court had competent evidence to justify recalculating child support.

Further, Mr. Baker specifically challenges Ms. Watson's "combined average

gross monthly" income of $809.77 in Finding of Fact 60. However, Ms. Watson testified she "earned $6,823 from InReach" and $2,894 from EasterSeals in 2023. Thus, there is competent evidence for the average monthly income in Finding of Fact 60.

Additionally, Mr. Baker argues the trial court did not need to recalculate the 2023 income if it "was attempting to re-calculate what should have happened at the 2022 hearing if [Mr. Baker] would have revealed all his income at that time." Findings of Fact 65 and 66 state Mr. Baker made income in 2023 from MCB Mechanical, LLC, and "intentionally and proactively attempted to conceal this income." Because these findings go unchallenged, they are binding on this Court and support the trial court's decision to recalculate the 2023 income.

Therefore, the trial court did not err in recalculating child support amounts for 2022 and 2023.

## III. Conclusion

We hold Mr. Baker has abandoned his third and fourth arguments due to his failure to comply with N.C. R. App. 28(b)(6). We further hold the trial court did not err in denying Mr. Baker's motion for continuance; nor did it err by recalculating child support amounts for 2022 and 2023.

AFFIRMED.

Judges STROUD and MURRY concur.

Report per Rule 30(e).